# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JESSIE WIMSY JONES,**
**D.O.C. # B-M24331,**

    **Plaintiff,**

vs.                                              Case No.  4:24cv63-MW-MAF

**PATRICK MAHONEY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On February 5, 2024, the pro se Plaintiff initiated this case, although Plaintiff did not pay the filing fee or submit an forma pauperis motion. An Order was entered on February 8, 2024, directing Plaintiff to do one or the other if he wanted to proceed. ECF No. 3. In addition, Plaintiff's complaint, ECF No. 1, was insufficient and not comply with the Federal Rules of Civil Procedure. The factual allegations were incoherent, did not identify hod the Defendants violated Plaintiff's rights, and did not request any relief. Moreover, the complaint was not signed as required by Federal Rule of Civil Procedure 11. Plaintiff was given until **March 8, 2024**, to correct those deficiencies. ECF No. 3. He was warned that if he failed to file an

amended complaint, file an in forma pauperis motion, or pay the filing fee, a recommendation would be made to dismiss this case. *Id.* Nothing further has been received from Plaintiff and it appears he has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912,

915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not comply with a Court Order.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 18, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**